(No. 3926—

PETER PERADOTTI, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1946.*

ROBERT J. SPARR, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

On May 1st, 1942, the claimant, Peter Peradotti, a motorcycle patrolman in the employ of the respondent, was thrown from his motorcycle while forming part of a motorcycle escort for Admiral Downes of Great Lakes Naval Training Station. Following the accident, claimant was hospitalized at the Highland Park Hospital until May 4, 1942, and was under the care of Dr. H. B. Thomas until August 25, 1942, when he returned to work. No claim is made for medical services, nor for temporary disability. Claimant, however, alleges that he suffered a 15% permanent total disability for which respondent agreed to pay him the sum of $720.00; that through error he received only $400.80.

The claim was filed on August 18, 1945, approximately three years after the last payment of compensation. Respondent has filed a motion to dismiss on the

ground that the alleged cause of action is barred by the statute of limitations.

Section 24 of the Workmen's Compensation Act of this State provides that application for compensation must be filed within one year after the date of the accident, where no compensation has been paid, or within one year after the date of the last payment of compensation, where any has been paid. Otherwise the right to file such application is expressly barred. This court has consistently held that it has no jurisdiction of a claim filed after the expiration of the time fixed by the act. *Scott* vs. *State*, 13 C. C. R. 163.

The claimant, however, contends that his claim is based upon an error in the amount paid to him, and is not such an application for compensation as is barred by the act.

The court is of the opinion that claimant has failed to state a cause of action, except under the provisions of the Workmen's Compensation Act. Under the provisions of that act his claim is barred. Section 24 is clear and specific. Claimant chose to accept a sum, which he now contends is erroneous, instead of pursuing his rights under the act within the statutory period. No remedy for such change of position is manifest. The motion of the respondent is granted. Case dismissed.